**Wendy PETERSON, Plaintiff,**

v.

**SCOTIA PRINCE CRUISES, LTD., Defendant.**

**No. 03–174–P–H.**

United States District Court, D. Maine.

April 21, 2004.

Timothy C. Coughlin, Coughlin, Rainboth, Murphy and Lown, Portsmouth, NH, for Wendy Peterson, Plaintiff.

Leonard W. Langer, Tompkins, Clough, Hirshon & Langer, Marshall J. Tinkle, Tompkins, Clough, Hirshon & Langer, Portland, ME, for Scotia Prince Cruises Ltd, Defendant.

### MEMORANDUM DECISION ON DEFENDANT'S MOTION IN LIMINE

DAVID M. COHEN, United States Magistrate Judge.

The defendant, Scotia Prince Cruises, Ltd., moves *in limine* to exclude the expert testimony of Jeffrey Weir, a psychotherapist. Defendant's Motion *In Limine* to Exclude Expert Testimony, etc. ("Motion") (Docket No. 25). I grant the motion.

The plaintiff filed this action on July 10, 2003. Docket. On September 8, 2003 the court issued a scheduling order, setting October 28, 2003 as the deadline for the plaintiff's designation of expert witnesses. Docket No. 7. That order specifically requires the plaintiff to designate experts "including treating physicians" and to "provide a complete statement of all opinions to be expressed and the basis and reasons therefor." *Id.* at 2. On October 8, 2003 this deadline was extended to December 23, 2003 on the plaintiff's motion. Docket No. 10. On October 15, 2003 the plaintiff provided her initial disclosure to the defendant, listing "John Weir, MA (psychotherapist)" as a witness. Plaintiff s Initial Disclosure (Exh. C to Motion) at 2. On February 9, 2004 the deadline for the plaintiff's designation of experts was again extended, to February 10, 2004, on the plaintiff's motion. Docket No. 20. On February 10, 2004 the plaintiff served on the defendant a designation of Charles Harris as her sole expert witness. Plaintiff's Rule 26(a)(2) Disclosure (Exh. A to Motion). In an order dated February 11, 2004 on the plaintiff's motion for leave to file an amended complaint, I stated, *inter alia,* "Counsel for plaintiff is admon-

ished to pay scrupulous attention to scheduling order deadlines." Docket No. 22.

By letter dated March 3, 2004 counsel for the plaintiff informed counsel for the defendant that he intended to call Weir as a witness "who treated my client." Letter dated March 3, 2004 from Kenneth D. Murphy to Leonard W. Langer (Exh. B to Motion). The defendant filed the instant motion on March 16, 2004. Either on March 22, 2004, Objection to Motion in Limine ("Objection") (Docket No. 27) ¶ 8, or March 25, 2004, Reply Memorandum in Support of Defendant's Motion *In Limine*, etc. ("Reply") (Docket No. 35) at 2, the plaintiff served on defendant's counsel a written opinion from Mr. Weir. On April 6, 2004 this case was placed on a June 7, 2004 trial list, although it has since been removed from that list due to the filing of a motion for partial summary judgment by the defendant.

The defendant seeks to exclude expert testimony from Weir [1] as a result of the plaintiff's failure to designate him as an expert witness before the twice-extended deadline for doing so. The plaintiff responds that her attorney "mistakenly assumed that he had disclosed Mr. Weir" and that her counsel "did not view Mr. Weir as a 'treating physician' as he is not a physician and therefore did not formally disclose Mr. Weir as an expert witness." Opposition ¶¶ 2–3. She also argues that the defendant has been aware of Weir as her treating psychotherapist since early in the litigation, received copies of his notes in discovery and "will have sufficient time to obtain any necessary expert opinions in response to Mr. Weir's March 22, 2004 disclosure," suggesting that the court allow the defendant 30 days for this purpose. *Id.* ¶¶ 6–8, 10 & 16.

The applicable procedural rule is Fed. R.Civ.P. 37(c)(1), which requires a party who fails to disclose expert witness information to demonstrate "substantial justification" for that failure in order to be permitted to present such evidence at trial, at a hearing or on

a motion, unless the failure is harmless. It is clear that a treating psychotherapist, whether or not a physician, who will offer opinions about his patient's mental condition and its causes and effects will be testifying as an expert under Fed.R.Evid. 702. This court's reference in its standard scheduling order to experts as "including treating physicians" cannot reasonably be read to exclude other treating professionals.[2]

The sole authority cited by the plaintiff in support of her position, *St. Joseph Hosp. v. INA Underwriters Ins. Co.*, 117 F.R.D. 19 (D.Me.1987), actually supports granting the motion to exclude. In that case, this court refused to allow expert testimony at trial from an individual designated before the discovery deadline but after the deadline for designation of expert witnesses, even though the individual had been identified as a fact witness from the early stages of the litigation, *id.* at 20–24. The final discovery deadline in this case was April 7, 2004. Docket No. 20. The plaintiff's failure to designate Weir as an expert cannot be said to be harmless at this stage of the proceedings. Allowing the defendant to name an opposing expert, who would presumably have to examine the plaintiff, followed by deposition, could only delay further the trial of this case. For the reasons discussed by Judge Carter in the *St. Joseph* opinion, that alternative is not acceptable. The First Circuit has said repeatedly that the focus must be on the question whether the party that has failed to meet its Rule 26 obligations has shown substantial justification for that failure. *See, e.g., Lohnes v. Level 3 Communications, Inc.*, 272 F.3d 49, 60 (1st Cir.2001); *Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 19–20 (1st Cir.2001). In fact, "the required sanction in the ordinary case [under Rule 37(c)] is mandatory preclusion." *Klonoski v. Mahlab*, 156 F.3d 255, 269 (1st Cir.1998).

Consideration of the factors enumerated in *Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003), leads inevitably to the conclusion that the defendant's motion should be granted in

**1.** The defendant notes that it will not seek the exclusion of fact testimony from Weir. Reply at 3.

**2.** Indeed, counsel for the plaintiff refers to Weir as "my client's treating physician" in a letter to

counsel for the defendant. Letter dated March 9, 2003 from Kenneth D. Murphy to Leonard W. Langer (Exh. A to Reply).

this case. The history of the litigation, the essential lack of justification for the late disclosure, the lack of available time in which the defendant might overcome the adverse effects, and the effect of the late disclosure on this court's docket outweigh the plaintiff's need for the expert testimony of Weir. For reasons similar to those discussed by the First Circuit in *Macaulay*, the plaintiff here "faces a steep, uphill climb," *id.* at 51, which she cannot successfully complete on the showing made. Like the trial court in that case, were this court to allow the late designation, "it would have ... a Hobson's choice: either to force the defense to trial without appropriate preparation ... or to reopen discovery and vacate the trial assignment." *Id.* at 52.[3] I decline to do either.

For the foregoing reasons, the defendant's motion to exclude the expert testimony of Jeffrey Weir from trial is **GRANTED**.

---

**3.** As noted by the First Circuit, 321 F.3d at 52, it makes no difference to this analysis that the trial in fact will not go forward on the originally scheduled date.